UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mario Passante, Carmine Colasanto, Goran Stanic, Marian Tase, Tarquino Reyes, Namgyal Bhutia and Erhlembat Dorjsuren,<br><br>Plaintiff,<br><br>- against -<br><br>Thomas Makkos, Madison Global, LLC, and Nello Balan,<br><br>Defendants. | 17 Civ. 8043 (  )(  )<br><br>Complaint and Jury Demand |

Plaintiffs, by their attorney, Michael G. O'Neill, allege as follows:

1. This in an action for money damages resulting from defendants' systematic and intentional violation of the Fair Labor Standards Act ("FLSA"), the New York State Labor Law and the New York Labor Department Regulations with respect to the payment of tips and wages and the failure to provide notices to plaintiffs as required by the New York State Labor Law and New York Labor Department Regulations.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because defendants reside in the Southern District.

4. Plaintiff Mario Passante is an individual and resides in the State of New York.

5. Plaintiff Carmine Colasanta is an individual and resides in the State of New

1

York.

6. Plaintiff Goran Stanic is an individual and resides in the State of New York.

7. Plaintiff Marian Tase is an individual and resides in the State of New York.

8. Plaintiff Tarquino Reyes is an individual and at relevant times resided in the State of New York.

9. Plaintiff Erhlembat Dorjsuren is an individual and resides in the State of New York.

10. Plaintiff Namgyal Bhutia is an individual and resides in the State of New York.

11. Defendant Makkos is and at all relevant times was member of defendant Madison Global LLC.

12. Defendant Nello is and at all relevant times was member of defendant Madison Global LLC.

13. Defendant Madison Global LLC owns and operates a restaurant (the "Restaurant") named "Nello" located at 696 Madison Avenue, New York, New York.

14. Plaintiff Mario Passante became employed at the Restaurant as a waiter in about September, 2016.

15. Plaintiff Carmine Colasanto became employed at the Restaurant as a waiter in about August, 2016.

16. Plaintiff Goran Stanic was employed at the Restaurant as a waiter from about November, 2009 until about September 8, 2017.

17. Plaintiff Marian Tase was employed at the Restaurant as a waiter from about July, 2001 until about August 30, 2017.

18. Plaintiff Tarquino Reyes was employed at the Restaurant as a runner from about June 2009 until about May 15, 2017.

19. Plaintiff Erhlembat Dorjsuren was employed at the Restaurant as a waiter from about September, 2007 until about May 31, 2017.

20. Plaintiff Namgyal Bhutia was employed at the Restaurant as a waiter from about May, 2017 until about August 20, 2017.

21. During the entire period of plaintiffs' employment, and, upon information and belief, for more than six years, defendants have had in place a policy, practice, procedure, and requirement that all tips left for table servers (hereinafter simply referred to as tips) be pooled and distributed in a manner dictated by defendant (the "Tip Distribution Practice.")

22. Under the Tip Distribution Practice, all tips were pooled after each shift and allocated according to a point system.

23. Under the point system used in the Restaurant, employees who shared in tips were assigned anywhere from .5 to 1.5 points.

24. For example, waiters typically receive 1 point and runners .5 points.

25. During each shift, there was always at least one manager on duty.

26. All duty managers were permitted to participate in the distribution of tips, and they were assigned 1.5 points.

27. The duty managers did little or no direct customer service, apart from seating guests.

28. In addition to the 1.5 points, the duty managers received "handshakes" from customers. A handshake is a tip given to the manager for providing a favorable table to the customer.

29. The duty managers did not pool their handshake tips.

30. In addition to forcing plaintiffs to share their tips with managers, defendants provided an extra fraction of a point to waiters who performed additional services that were unrelated to customer service. In this manner, defendants illegally used tip money to pay for work that was unrelated to customer service.

31. At no time did plaintiffs receive the notices required by New York Labor Law 198.1-b.

32. At no time did plaintiffs receive the notices required by New York Labor Law 198.1-d.

33. Plaintiffs frequently worked double shifts.

34. A double shift is more than ten hours.

35. Plaintiffs were not always paid spread of hours pay as required by the New York Labor Law.

36. At all times, defendants claimed the "tip credit" pursuant to the FLSA, the New York Labor Law and New York Labor Department Regulations.

37. Upon information and belief, defendants did not provide plaintiffs with the

4

notices required by the FLSA, the New York Labor Law or the New York Labor Department Regulations in order to claim the tip credit.

38. Plaintiffs frequently worked more than 40 hours in a week.

39. Plaintiffs were not paid for all the hours worked and were not paid overtime for all the overtime hours worked.

40. Typically, defendants "shaved" two to four hours from the paychecks of their employees, including plaintiffs.

41. At some or all times, defendants have been and, in the case of Makkos and Madison Global, continue to be employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. During some or all times, defendants Makkos and Nello have been employers within the meaning of the FLSA and the New York Labor Law, in that they have direct control and responsibility of the employment practices of the Restaurant.

43. In particular, during all relevant times, Makkos or Nello hired and fired employees, set the rates of pay and most important, were responsible for the illegal employment practices at issue herein.

44. In fact, Makkos and Nello are repeat offenders and have been sued with some regularity in the past over the very same employment practices that are at issue in this lawsuit.

45. Makkos and Nello have knowingly and intentionally violated the FLSA and New York Labor Law.

46. Upon information and belief, it is in fact the policy of defendants to violate the FLSA and New York Labor Law with respect to the practices complained of herein, because they have found that it is economically to their benefit to steal tips and wages and pay the occasional cost of settlement rather than pay their employees as required by law.

**Claim One**

47. Defendant has failed to pay, and fails to pay, plaintiffs the minimum and overtime wages to which they were and are entitled under the FLSA.

48. Defendant's violations of the FLSA, as described in this complaint have been willful and intentional.

49. Because defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. As a result of defendant's willful violations of the FLSA, plaintiffs have suffered damages by being denied minimum and overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

51. As a result of the unlawful acts of defendant, plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**Claim Two**

52. Defendants have failed to pay plaintiffs the minimum and overtime wages to which they were and are entitled under the New York Labor Law and New York Labor

Department Regulations.

53.     Defendant's violations of the New York Labor Law and New York Labor Department Regulations, as described in this complaint have been willful and intentional.

54.     As a result of defendant's willful violations of the New York State Labor Law and New York Labor Department Regulations, plaintiffs have suffered damages by being denied minimum and overtime wages in accordance with Article 19 of the New York State Labor Law and supporting regulations.

55.     As a result of the unlawful acts of defendant, plaintiffs have been deprived (and are being deprived) of minimum and overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of their unpaid minimum wages, unpaid overtime wages, together with prejudgment interest, attorneys' fees and costs.

## Claim Three

56.     Defendants violated and continue to violate Section 196-d of the New York Labor Law by appropriating for itself a portion of the tips left for plaintiffs.

57.     As a result of defendant's violation of Section 196-d of the New York Labor Law, plaintiffs have suffered damages.

58.     As a result of defendant's violation of Section 196-d of the New York Labor Law, plaintiffs are entitled to an award of damages to be determined at trial by jury, together with prejudgment interest, attorneys' fees and costs.

## Claim Four

59.     Defendants were not entitled to claim the tip credit under the FLSA because they (a) failed to remit to plaintiffs all of the tips left for them by customers of the Restaurant and (b) failed to provide plaintiffs with the notice required by the FLSA.

60.     As a result, defendants are required to pay to plaintiffs the tip credit for all the hours that they worked within the relevant period of limitations.

### Claim Five

61.     Defendants were not entitled to claim the tip credit under the The New York Labor Law and New York Labor Department Regulations because they failed to provide plaintiffs with the notice required by the New York Labor Law and the New York Labor Department Regulations.

62.     As a result, defendants are required to pay to plaintiffs the tip credit for all the hours that they worked within the relevant period of limitations.

### Claim Six

63.     Defendants failed to pay plaintiffs for all their spread of hours as required by the New York Labor Law and New York Labor Department Regulations.

### Claim Seven

64.     Defendants failed to provide the notices required by New York Labor Law 198.1-b.

### Claim Eight

65. Defendants failed to provide the notices required by New York Labor Law 198.1-d.

WHEREFORE, plaintiffs pray for all available relief under law and equity, including but not limited to a money judgment for their damages, liquidated damages under the FLSA, the New York Labor Law and New York Labor Department Regulations, penalties and fines provided for under New York Labor Law sections 198.1-b and 198.1-d, attorneys fees, costs, prejudgment interest at the New York State statutory rate, and any and all relief, damages, costs of any nature whatsoever available to plaintiffs under any Federal or State law, whether such laws have specifically been identified herein, as a result of the events and transactions described herein, whether or not specifically prayed for.

Dated: New York, New York
October 19, 2017

MICHAEL G. O'NEILL
(MO3957)

_____
Attorney for Plaintiffs
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## JURY DEMAND

Plaintiffs demand trial by jury in this action.

Dated: New York, New York
      October 19, 2017

                                      MICHAEL G. O'NEILL
                                      (MO3957)

                                      Attorney for Plaintiffs
                                      30 Vesey Street, Third Floor
                                      New York, New York 10007
                                      (212) 581-0990