```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIO PASSANTE, CARMINE COLASANTO,
GORAN STANIC, MARIAN TASE,
TARQUINO REYES, NAMGYAL BHUTIA and
ERHLEMBAT DORJSUREN,

          Plaintiffs,

  -against-

THOMAS MAKKOS, MADISON GLOBAL, LLC,
and NELLO BALAN,

          Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

17-CV-8043 (RA)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    A writing styled "Stipulation and Order Extension of Time for Defendant, Nelo Balan ["Balan"] to Respond to Complaint," which was signed, inter alia, by Lawrence M. Gordon, Esq. ("Gordon") and dated January 11, 2018, was filed with the court on January 24, 2018. Docket Entry No. 17. Under Gordon's signature, on that document, the words "Attorney for Defendant, Nelo Balan" appear. The stipulation has a space for the assigned district judge, the Honorable Ronnie Abrams, to endorse the document as an order of the court, see Docket Entry No. 17; however, she did not do so.

    In a letter dated September 25, 2018, filed with the court, Gordon denied that he is Balan's attorney contending "[t]he defendant [Balan] has not retained my office directly or indirectly, and I respectfully submit that I have not entered an attorney-client relationship with this individual." Docket Entry No. 37. Observing that the stipulation, in which Gordon asserted that he is the attorney for Balan and the letter, in which Gordon asserted that he has "not entered an attorney-client relationship with [Balan]" did not jibe, the Court directed Gordon to show cause, in writing, why his signed submissions containing inconsistent assertions respecting his representation of Balan in this action did not violate Rule 11(b) of the Federal Rules of Civil Procedure. See Docket Entry No. 39.

On October 24, 2018, Gordon submitted his "Response to Order to Show Cause Alleging Rule 11(b) F.R.C.P. Violation," Docket Entry No. 40. In that document, Gordon asserts that he contacted counsel to the plaintiff, Michael O'Neill, and obtained his consent to extend, until February 10, 2018, the time for Balan "to respond to the summons and complaint to avoid a default," by Balan, in this action. Gordon explained that, thereafter, he "prepared a Stipulation and Order for an extension for defendant Balan to respond to the complaint and signed it as, 'Attorney for Defendant, Nelo Balan.'" According to Gordon, he "made a mistake" in "undertaking to obtain an extension of time for [Balan] to respond to the summons and complaint" because it had become "evident to [him]" that Balan was not going to follow through with [Gordon's] Office on the defense of this lawsuit." Gordon had determined this was so because he contacted Balan "by telephone and emails many times to meet . . . concerning this lawsuit, to no avail." Gordon maintains that he "heard excuses, appointments made were not kept" and "it became apparent [to Gordon] that Mr. Balan had no intention of entering . . . anything resembling an attorney-client relationship" with Gordon. Gordon asserts that, since his "execution of the extension stipulation, as an attorney for defendant Balan," he has "continued to receive e-filings on this case as counsel for Nelo Balan." "This was [of] concern to [Gordon because he] felt I was not Balan's attorney [; however,] according to the Court, I was."

Gordon recounts that, to address "this concern[,] on September 25, 2018, via a letter to Judge Abrams, . . . I set forth my position that due to the underlying history of my role in this matter, I should be relieved as 'the attorney of record for this defendant.' I did not wish to mislead the Court in any manner and felt it was incumbent upon me to address this situation to the Court, . . . and hopefully extricate myself from the status I had placed myself in. This was my sole intent." Gordon acknowledges that his January 2018 and September 2018 submissions to the court are "indeed prima facie inconsistent." However, he asserts that they were "not proffered or presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

By signing and submitting a writing to the court, an attorney "certifies that to the best of the person's knowledge, information and belief, formed after an inquiry, reasonable under the circumstances, [the writing] . . . is not being presented [to the court] for an improper purpose . . . [and] the factual contentions [made in the writing] have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3). Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure and due process, if after notice and a reasonable opportunity to respond, a court determines that Rule 11(b) has been violated, it may impose an appropriate sanction. See Fed. R. Civ. P. 11(c)(1); Nuwesra v. Merrill Lynch Center and Smith, Inc., 174 F.3d 87, 92 (2d Cir. 1999). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." Advisory Committee's Note to 1993 Rule 11 Amendment. The sanction imposed by a court for a violation of Fed R. Civ. P. 11 "may include . . . an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4).

According to Gordon's response to the Court's order to show cause, at the time Gordon negotiated with O'Neill, he was not authorized to represent Balan, as "an attorney-client relationship was never entered into between Mr. Balan and I." Therefore, Gordon held himself out falsely as Balan's attorney in his negotiation with O'Neill, to delay, improperly, any action the plaintiff might take to secure a default against Balan. In addition to misrepresenting himself as Balan's attorney in his negotiation with O'Neill, Gordon misrepresented himself to Judge Abrams, as Balan's attorney, in the stipulation that he signed, identifying himself as such. Gordon allowed that stipulation to be filed with the court for endorsement by Judge Abrams, as an order of the court, knowing that it misrepresented his professional relationship to Balan. When Gordon asserted in: (a) his negotiation with O'Neill; and (b) the stipulation submitted to Judge Abrams that he was Balan's attorney, Gordon knew that no evidentiary support for those assertions existed because "defendant [Balan had] not retained [Gordon's] office directly or indirectly and [he had] not entered an attorney-client relationship with [Balan]." By engaging in the misconduct described above, Gordon acted for improper purposes, to wit, to: (1) give the

3

court the false impression that Balan's interests in the litigation were being protected by an attorney, Gordon; and (2) lead the plaintiff and the court to believe that an answer or other response to the complaint would be forthcoming from Gordon, on Balan's behalf, on or about February 10, 2018, although Gordon knew he had no intention of responding to the complaint on Balan's behalf because "an attorney-client relationship was never entered into between Mr. Balan and [Gordon]." These factors lead the Court to conclude that Gordon violated Fed. R. Civ. P. 11(b) and that a sanction is warranted.

As a sanction for violating Rule 11(b) of the Federal Rules of Civil Procedure, Gordon is directed to pay to the Clerk of Court, on or before December 18, 2018, the sum of $1,000. The Court finds that this sanction is not more severe than reasonably necessary to deter Gordon, specifically, and others similarly situated to him, generally, from engaging in misconduct of the type described above in the future.

Dated: New York, New York  
December 11, 2018

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

4