# MICHAEL G. O'NEILL
ATTORNEY AT LAW

April 13, 2020

Hon. Ronnie Abrams
United States District Judge
40 Foley Square
New York, NY 10007

> No later than Thursday, April 16, 2020, Defendants shall respond to Plaintiffs' letter. In their response, they shall advise the Court whether there is indeed only $250,000 in escrow. If so, they shall explain why they are not already in violation of the approved settlement agreement and when they intend to deposit the missing $100,000.
>
> SO ORDERED.
>
> _____
> Ronnie Abrams, U.S.D.J.
> April 14, 2020

Re:   Passante et al. v. Makkos et al.
      17 Civ. 8043 (RA)

Dear Judge Abrams:

    I represent the plaintiffs.  I am writing to seek the Court's assistance in enforcing the settlement entered herein between plaintiffs and defendants Makkos and Global Madison ("defendants.")  A copy of the parties' settlement agreement and the Court's March 30, 2020 order approving settlement is attached.  The Court retained jurisdiction to enforce the settlement.

    Under the terms of the settlement, defendants were to have deposited $100,000 into the escrow account of counsel for defendants on October 15, 2019, and $50,000 on the 15th of each month thereafter.  Within 3 days of the Court's approval of the settlement, the money held in escrow was to have been turned over to me.

    As of March 30, 2020, there should have been $350,000 in escrow.  After the settlement was approved, I was informed that in fact there was only $250,000.  As a result, defendants are in default, and plaintiffs are entitled to enter judgment for the unpaid amount.  I am preparing the paperwork for entry of that judgment.

    In the meantime, however, counsel for defendant has $250,000 of my clients' money, which he is obligated to send to me, but for some reason has not done so.  On April 2, he promised to send the money "in the next several days."  On April 4, he wrote that "you will have it next week" and he asked for wire instructions, which I gave him.  Since then, he has not responded to my emails and the money has not been wired.

    My clients are all waiters and out of work because all restaurants are closed.  They are in desperate straights.  Counsel for defendants is holding their money in trust, and he has an obligation as an escrow agent and officer of the Court to release that money.  Since he refuses to do so, I am asking that the Court order him to do so.

                                            Respectfully yours,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO PASSANTE, CARMINE COLASANTO, GORAN STANIC, MARIAN TASE, TARQUINO REYES, NAMGYAL BHUTIA, ERHLEMBAT DORJSUREN and GAETNO LISCO,<br><br>*Plaintiffs,*<br><br>-against-<br><br>THOMAS MAKKOS, NELLO BALAN and MADISON GLOBAL, LLC.,<br><br>*Defendants.* | 17-cv-08043<br><br>**SETTLEMENT AGREEMENT AND <u>RELEASE</u>** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Mario Passante, Carmine Colasanto, Goran Stanic, Marian Tase, Tarquino Reyes, Namgyal Bhutia, Erhlembat Dorjsuren and Gaetno Lisco ("Plaintiffs") on the one hand, Madison Global, LLC ("Defendant Corporation") and Thomas Makkos ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-08043 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Six Hundred Fifty Thousand Dollars and No Cents (**$650,000.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in twelve (12) installments as follows:

a. Installment One: Counsel for defendants represents that the first installment in the amount of $100,000, has been deposited in an escrow account at Hoffmann & Associates. A check in the amount of $100,000.00 shall be made from the Hoffmann & Associates escrow account to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel within three (3) days of court approval of this Settlement Agreement for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

b. Installment Two: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on November 15, 2019 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

c. Installment Three: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on December 15, 2019 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

d. Installment Four: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on January 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

e. Installment Five: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on February 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

f. Installment Six: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on March 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

g. Installment Seven: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on April 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

h. Installment Eight: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on May 15, 2020 for immediate deposit. Determination of the

Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

i. Installment Nine: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on June 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

j. Installment Ten: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on July 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

k. Installment Eleven: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on August 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

l. Installment Twelve: A check in the amount of fifty thousand dollars ($50,000.00) made payable to "Michael G. O'Neill, Esq. as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on September 15, 2020 for immediate deposit. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel as approved by the Court.

m. All payments set forth above shall be delivered by hand or overnight express service (US Postal Service, UPS or Federal Express) to the Law Office of Michael G. O'Neill to the attention of Michael G. O'Neill, Esq., 30 Vesey Street, Third Floor, New York, NY 10007.

In the event that any installment provided for herein shall fall due before Court approval of this agreement, said installment shall be deposited in the escrow account of Hoffman & Associates and turned over to counsel for plaintiffs within three days of the Court's approval of this settlement.

2. (a) The Court shall dismiss the Litigation, with prejudice; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below.

(b) In the event that any installment of the Settlement Amount is not paid by the payment dates set forth in Paragraph 1 above, or in the event the initial deposit is not made to the escrow account of Hoffmann & Associates as required by paragraph 1(a) above, or in the event any check fails to clear (i.e. bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants by email and hand delivery or certified mail, and the Defendants shall have ten (10) days from the date of the email delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each bounced check. Upon Defendants' failure to cure a default within ten (10)

days of delivery by email of the Default Notice, counsel for Plaintiffs shall immediately file the Affidavit of Confession of Judgment, the form of which is appended hereto as Exhibits A, and all remaining monies will immediately become due and payable.

3. Release and Covenant Not To Sue: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants arising under the Fair Labor Standards Act ("FSLA") or the New York Labor Law provisions relating to the payment of wages that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating to the claims, transactions and occurrences raised in this Litigation that have occurred as of the Effective Date of this Agreement.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6. Acknowledgments: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. Notices: Notices required under this Agreement (other than notice of default as set forth in paragraph 2(b) above) shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael G. O'Neill, Esq.
LAW OFFICE OF MICHAEL G. O'NEILL
30 Vesey Street, Third Floor
New York, NY 10007
Tel: (212) 581-0990
Email: lawyer@oneillaw.com

To Defendants:

Andrew S. Hoffmann, Esq.
HOFFMANN & ASSOCIATES
450 7th Ave., Ste. 1400
New York, NY 10123

Tel: (212) 679-0400
Fax: (212) 679-1080
Email: Andrew.Hoffmann@hoffmannlegal.com

8. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. Retention of Jurisdiction: The parties agree that the Court shall retain jurisdiction of this Agreement for purposes of enforcing the Agreement.

11. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael G. O'Neill, Esq. of the Law Office of Michael G. O'Neill. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

13. Attorney in Fact: Michael G. O'Neill represents that he is authorized as attorney in fact to sign this agreement on behalf of Gaetano Lisco and Tarquino Reyes.

PLAINTIFFS:

By: _____ Date: 12-30-2019
    MARIO PASSANTE

By: _____ Date: 12-30-2019
    CARMINE COLASANTO

By: _____ Date: DEC/30/2019
    GORAN STANIC

By: _____ Date: _____
    MARIAN TASE

By: _____ Date: 12/30/19
    TARQUINO REYES

By: _____ Date: _____
    NAMGYAL BHUTIA

By: _____ Date: 12/30/2019
    ERHLEMBAT DORJSUREN

By: _____ Date: 12/30/19
    GAETANO LISCO

DEFENDANTS

MADISON GLOBAL, LLC.

By: _____ Date: 12/11/19

By: _____ Date: 12/11/19
    THOMAS MAKKOS

PLAINTIFFS:

By: _____          Date: _____
    MARIO PASSANTE

By: _____          Date: _____
    CARMINE COLASANTO

By: _____          Date: _____
    GORAN STANIC

By: _____          Date: _____
    MARIAN TASE

By: _____          Date: _____
    TARQUINO REYES

By: _____*CBhutia*_____          Date: _1/14/2020_
    NAMGYAL BHUTIA

By: ____*Erhhembat Dorjsuren*_____          Date: _12/30/19._
    ERHLEMBAT DORJSUREN

By: _____          Date: _____
    GAETANO LISCO

DEFENDANTS

MADISON GLOBAL, LLC.

By: _____*[signature]*_____          Date: _12/11/19_

By: _____*[signature]*_____          Date: _12/11/19_
    THOMAS MAKKOS

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARIO PASSANTE, CARMINE COLASANTO, GORAN STANIC, MARIAN TASE, TARQUINO REYES, NAMGYAL BHUTIA, ERHLEMBAT DORJSUREN and GAETNO LISCO,

*Plaintiffs,*

-against-

THOMAS MAKKOS, NELLO BALAN and MADISON GLOBAL, LLC.,

*Defendants.*

---

**17-cv-08043**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

THOMAS MAKKOS, being duly sworn, deposes and says:

1. I, THOMAS MAKKOS, am the Owner of MADISON GLOBAL, LLC with the principal place of business located at __696 MADISON AV. N.Y. N.Y. 10065__

2. I reside at __721 5th AV. N.Y. N.Y. 10022__

3. I have authority to sign on behalf of MADISON GLOBAL, LLC and I am authorized to make this affidavit on the undersigned entity's behalf.

4. Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and general release dated October __12/11__, 2019 (the "Settlement Agreement and General Release") signed by Plaintiffs and Defendants in the above captioned proceeding and such default has continued uncured and unpaid for a period in excess of three (3) days after notice and opportunity to cure as provided therein, then, upon submission of Plaintiffs' counsel's attorney affirmation attesting to such default under, I hereby confess judgment and

authorize entry of judgment against MADISON GLOBAL, LLC and me in favor of Plaintiffs for the sum of $650,000.00, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, computed as provided in CPLR 5004; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment pursuant to CPLR 5004.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against each of Thomas Makkos and Madison Global, LLC, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

Thomas Makkos, individually and as
Owner of Madison Global, LLC

Sworn to before me this
/ / day of December of 2019

Notary Public

TRAM D. LOPRESTO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6291464
Qualified In New York County
My Commission Expires 02-26-2022

|  | USDC-SDNY |
|---|---|
|  | DOCUMENT |
|  | ELECTRONICALLY FILED |
|  | DOC#: |
|  | DATE FILED: 3/30/2020 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO PASSANTE; CARMINE
COLASANTO; GORAN STANIC; MARIAN
TASE; TARQUINO REYES; NAMGYAL
BHUTIA; ERHLEMBAT DORJSUREN; and
GAETANO LISCO,

               Plaintiffs,

               v.

THOMAS MAKKOS; MADISON GLOBAL,
LLC; and NELLO BALAN,

               Defendants.

No. 17-CV-8043 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Mario Passante, Carmine Colasanto, Goran Stanic, Marian Tase, Tarquino Reyes, Namgyal Bhutia, Erhlembat Dorjsuren, and Gaetano Lisco bring this action against their former employers, Defendants Thomas Makkos, Madison Global, LLC, and Nello Balan for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").[1] Before the Court is the parties' application for approval of their negotiated settlement agreement (the "Settlement Agreement").[2] *See* Dkt. 77, Ex. A (Settlement Agreement).

---

[1] Defendant Balan "is not party to the settlement," and Plaintiffs "intend to abandon their claims against [him]." Dkt. 75-1 (Decl. of O'Neill) ¶ 2. Also, Plaintiffs' amended complaint "asserted other theories of recovery against [D]efendants," but they acknowledge in their submissions that "discovery did not produce sufficient evidence to support those other theories." *Id.* at 2 n.1.

[2] When the parties initially filed this motion on October 18, 2019, they only included a Memorandum of Understanding, not an executed settlement agreement. *See* Dkt. 75-1, Ex. C (Memorandum of Understanding). Because "[a] prerequisite before submission for approval by the court is a fully executed settlement agreement," *Hernandez v. Fresh Diet Inc.*, No. 12-CV-4339 (ALC), 2017 WL 4838328, at *4 (S.D.N.Y. Oct. 25, 2017), the Court requested that the parties submit a copy of the executed agreement, which was done on January 28, 2020. *See* Dkt. 77, Ex. A.

As an initial matter, the Court notes that Mr. Tase, who passed away in November 2019, did not sign the Settlement Agreement. *See* Dkt. 77 (Supplemental Decl. of O'Neill) ¶ 4. Plaintiffs' counsel states that he "ha[s] been in touch with [Mr. Tase's] survivors," who are in Romania, and "[they] have started the process to have an administrator appointed." *Id.* ¶ 5. The parties thus request that the Court approve the settlement, "notwithstanding the fact that Mr. Tase's signature is not on the final settlement," and propose holding Mr. Tase's "portion of the settlement . . . in escrow . . . until such time as his administrator has obtained the requisite approvals from the Surrogate's Court." *Id.* ¶¶ 6-7.

Because Mr. Tase did not sign the Settlement Agreement, the Court cannot consider him bound to it. *See Samaroo v. Deluxe Delivery Sys. Inc.*, No. 11-CV-3391 (HBP), 2016 WL 1070346, *3 (S.D.N.Y. Mar. 17, 2016) ("As an initial matter, because [three of the plaintiffs] have not signed the Settlement Agreement, they cannot be bound by it."). It seems, however, that Plaintiffs' counsel intends to pursue substitution of Mr. Tase with a proper party. *See* Dkt. 77 ¶¶ 6-7 (requesting that Mr. Tase's portion be held in escrow until an administrator is appointed); *see also Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 WL 3767536, at *6 (E.D.N.Y. Aug. 9, 2019) (explaining that "the FLSA and NYLL are remedial" and "thus[] claims brought under those statutes survive the death of a litigant"). If so, Plaintiffs' counsel must file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a), which requires first filing and serving "a statement noting the death" of Mr. Tase. Fed. R. Civ. P. 25(a)(1).

Here, the Court interprets Plaintiffs' counsel's declaration, filed on January 28, 2020, as a "statement noting [Mr. Tase's] death." Fed. R. Civ. P. 25(a)(1); *see* Dkt. 77. The Court also concludes that, as required under Rule 25(a), this statement was properly served on the parties in this action. *See* Fed. R. Civ. P. 25(a)(3) (requiring that "[a] statement noting death" be served

2

"on the parties as provided in Rule 5"); *see also Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998) (explaining that Rule 25(a) "does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties"); *Steward v. City of New York*, No. 04-CV-1508, 2007 WL 2693667, at *3-4 (E.D.N.Y. Sept. 10, 2007) (holding that the defendants properly served the suggestion of death "on all parties electronically through the court's ECF system"). Accordingly, Plaintiffs' counsel has ninety (90) days – that is, until **April 27, 2020** – to file the motion for substitution. *See* Fed. R. Civ. P. 25(a)(1) (requiring that a motion for substitution be "made within 90 days after service of a statement noting the death"). Should Plaintiffs' counsel need an extension to file this motion, he should advise the Court no later than **April 20, 2020**. *See Grapsas v. N. Shore Farms Two, Ltd.*, No. 16-CV-775, 2018 WL 1136088, at *2-3 (E.D.N.Y. Feb. 28, 2018) ("Despite the use of 'must' in Rule 25(a)(1), courts have discretion to extend this 90-day period for good cause pursuant to Fed. R. Civ. P. 6(b).").

The Court, however, may still review and approve the Settlement Agreement as to the remaining Plaintiffs. *See Samaroo*, 2016 WL 1070346, at *3. District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, the courts must evaluate the totality of the circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

3

Having reviewed the Settlement Agreement and the parties' submissions, the Court concludes that the Settlement Agreement is fair and reasonable.

Under the proposed Settlement Agreement, Defendants agree to pay Plaintiffs a total of "$650,000, inclusive of fees, costs and liquidated damages, paid in twelve installments." Dkt. 75-1 ¶ 13; *see also* Dkt. 77, Ex. A ¶ 1. Plaintiffs' counsel "has agreed to . . . $119,979.54" in attorney's fees and $10,144.71 for reimbursement of out-of-pocket expenses incurred in prosecuting Plaintiffs' claims. Dkt. 75-1 ¶¶ 19-20. Accordingly, after attorney's fees and costs are deducted, Plaintiffs will collectively recover $519,875.75, which is to be "apportioned among [them] according to the amount of their claims," with "a small additional sum" going to Mr. Passante because of his lead role in the litigation. Dkt. 75-1 ¶¶ 21-22.

Both the amounts allocated to Plaintiffs and for attorney's fees are fair and reasonable. Plaintiffs estimated that, if they had prevailed on all claims at trial, they would be entitled to approximately $600,000 in actual damages, in addition to liquidated damages and attorney's fees. *See* Dkt. 75-1 ¶ 12. Their recovery pursuant to the Settlement Agreement is, therefore, about 85% of Plaintiffs' "actual damages claimed." Memo. at 3. Although this recovery falls short of the maximum amount that Plaintiffs believe they may have obtained at trial, it is still a significant percentage of Plaintiffs' overall estimated damages. Moreover, Plaintiffs' counsel explains that this "settlement eliminates the delays and uncertainties of litigation[.]" Memo. at 3. Plaintiffs' claims principally relate to Defendants' alleged payment of tips from the "tip pool" to other employees, who Plaintiffs contend were not service workers entitled to a share in the "tip pool." Dkt. 75-1 ¶¶ 4, 15-17. Defendants dispute "[P]laintiffs' characterization of those employees." *Id.* ¶ 16. Yet, as Plaintiffs' counsel acknowledges, "[t]here was no direct evidence on the issue," and thus there was significant uncertainty as to whether Plaintiffs could prove their

4

case at trial. *Id.* ¶¶ 15-17. "[I]n light of the legal and evidentiary challenges that would face the [P]laintiffs in the absence of a settlement," the proposed recovery amount of $519,875.75 for Plaintiffs is fair and reasonable. *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016).

However, because Mr. Tase did not sign the Settlement Agreement and the Court cannot approve the Settlement Agreement as to his claims, the Court holds that $159,026.90 – the portion of the recovery allocable to Mr. Tase, *see* Dkt. 75-1 ¶ 21 – is subject to the eventual approval of a substitution of a proper party. *See Samaroo*, 2016 WL 1070346, *3 (deducting the amount of recovery allocable to the plaintiffs who had not signed the settlement agreement). As proposed by the parties, *see* Dkt. 77 ¶ 7, the Court orders Defendants' counsel to keep the amount allocable to Mr. Tase in escrow pending the filing and approval of Plaintiffs' motion for substitution. Upon the Court's approval of that motion, Defendants' counsel must immediately release this amount to Plaintiffs' counsel. In the event that this motion is either not filed or granted, the amount held in escrow on behalf of Mr. Tase's claims must be released back to Defendants.

The amount allocated in the Settlement Agreement for attorney's fees is also fair and reasonable. *See* Dkt. 75-1 ¶¶ 19-20; *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 226, 229-30 (S.D.N.Y. 2016) ("In an FLSA case, the Court must independently ascertain the reasonableness of the fee request."). The proposed amount of $119,979.54 is approximately 18.5% of Plaintiffs' recovery. *See* Memo. at 3. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). As the attorney's fees here are less than one-third of the settlement

5

amount, the Court concludes that they are reasonable as a fair percentage of the net award.[3] *See Beckert v. Ronirubinov*, 15-CV-1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (approving a settlement agreement awarding attorney's fees equal to one-third of the total recovery).

As a final note, the Settlement Agreement includes a limited release provision. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). Here, the provision only requires Plaintiffs to release Defendants from claims "arising under [FLSA] or the [NYLL] provisions relating to the payment of wages that have occurred as of the Effective Date of this Agreement." Dkt. 77, Ex. A ¶ 3. This release provision thus poses no obstacle to the Court's approval of the Settlement Agreement.

---

[3] The Court notes that, even if the amount allocable to Mr. Tase's claims was not considered as part of the total recovery, the proposed attorney's fees would still amount to less than one-third of the total recovery amount and thus be fair and reasonable under this district's case law.

## CONCLUSION

For the reasons stated above, the Court approves the Settlement Agreement, with the exception that the portion of recovery allocable to Mr. Tase's claims must be held in escrow pending the filing and approval of Plaintiffs' motion for substitution. The Court will retain jurisdiction to review a motion for substitution as to Mr. Tase's claims and to enforce the Settlement Agreement. As to the other Plaintiffs, the Court dismisses this action with prejudice in accordance with the Settlement Agreement.

SO ORDERED.

Dated: March 30, 2020
New York, New York

Ronnie Abrams
United States District Judge